# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAND SPRING CAPITAL III, LLC, et al.,[1] | Case No. 11-13393 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 16-17, 2013**<br>**Hearing Time: 9:00 a.m.** |

## JOINT [PROPOSED] PRETRIAL ORDER

In accordance with paragraph 10 of the Order Establishing Discovery and Briefing Schedule for Hearing on Estimation Motion ("Scheduling Order") (D.I. 514), and in anticipation of the hearing scheduled for January 16 and 17, 2013 (the "Hearing"), counsel for the above-captioned Debtors (the "Debtors" or "CA Funds"), Cantor Fitzgerald & Co. ("Cantor"), Firefighters Retirement System of Louisiana and Municipal Employee's Retirement Association of Louisiana ("FRS") and Municipal Employee's Retirement Association of Louisiana ("MERSLA") (collectively, the "Core Fixed Investors" or the "Movants"), and the Official Committee of Equity Holders (the "Committee") (each a "party" and collectively "the parties") hereby propose the following Pretrial Order, including modifications to the dates contained within the Scheduling Order (D.I. 514), to govern the proceedings leading up to and at the Hearing.

 1. "[S]tatement of the issues to be tried at the Hearing and the relief sought:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable), are CA Core Fixed Income Fund, LLC (7053) (Case No. 11-13394 (BLS)); CA Core Fixed Income Offshore Fund, Ltd. a/k/a CA Core Fixed Income Fund, Ltd. (N/A) (Case No. 11-13396 (BLS)); CA High Yield Fund, LLC (7155) (Case No. 11-13397 (BLS)); CA High Yield Offshore Fund, Ltd. a/k/a CA High Yield Fund, Ltd. (N/A) (Case No. 11-13400 (BLS)); CA Strategic Equity Fund, LLC (7141) (Case No. 11-13401 (BLS)); CA Strategic Equity Offshore Fund, Ltd. (N/A) (Case No. 11-13402 (BLS)); Sand Spring Capital III, LLC (9691) (Case No. 11-13393 (BLS)); Sand Spring Capital III, Ltd. (N/A) (Case No. 11-13403 (BLS)); and Sand Spring Capital III Master Fund, LLC (4004) (Case No. 11-13404 (BLS)). The address for each of the Debtors is 675 Third Avenue, 21st Floor, New York, NY 10017, c/o Kinetic Partners.

(a)    The issues to be tried at the Hearing are limited to the facts and legal issues surrounding the negotiation and execution of the Settlement Agreement dated January 11, 2009, as it may have been amended ("Settlement Agreement"), between Cantor, the Debtors and Commonwealth Advisors, Inc. ("Commonwealth"):

> (i)    The following issues concerning the Settlement Agreement:

>> a.    What is the scope of the Settlement Agreement's indemnity provision. More specifically, whether the claims at issue in the consolidated civil actions in the United States District Court for the Middle District of Louisiana captioned *Joseph N. Broyles v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-854-JJB-SCR and *Joseph N. Broyles, et al. v. Cantor Fitzgerald & Co., et al.*, Civil Action No. 3:10-857-JJB-SCR (the "Louisiana Litigation") and *Fire & Police Pension Fund, San Antonio v. Cantor Fitzgerald & Co., Commonwealth Advisors, Inc., and Walter Morales*, Cause No. 2012-CI-16513 (the "Texas Litigation") are within the scope of the indemnification provisions of the Settlement Agreement;

>> b.    If one or more of the claims at issues in the Louisiana Litigation and Texas Litigation are within the scope of the indemnification provisions of the Settlement Agreement, whether one or more of those claims are not indemnifiable as a matter of law;

>> c.    Whether the Debtors have ratified the Settlement Agreement or are estopped from challenging its enforceability;

>> d.    If the indemnity provision is unenforceable for any reason, can the Court sever the indemnity provision from the Settlement Agreement;

>> e.    Whether there was any conspiracy or fraud by Cantor in Cantor's negotiation and execution of the Settlement Agreement, or whether it was the product of an arm's length negotiation to resolve pending litigation, which will include addressing the facts surrounding the negotiation of the provision at issue in the 2009 dispute and the facts surrounding the negotiation and execution of the Settlement Agreement.

f.  Whether Walter Morales had actual or apparent authority to bind the Debtors at the time that the Settlement Agreement was negotiated and signed;

g.  Whether Cantor detrimentally relied on Walter Morales' authority to bind the Debtors when Cantor entered into the Settlement Agreement

h.  Whether there was consideration to support the Settlement Agreement.

(ii)  Attorneys' fees

a.  The amount spent by Cantor, to date, on attorneys' fees and expenses that are indemnifiable under the Settlement Agreement, and whether those fees are reasonable; and

b.  The reasonable amount of future attorneys' fees and costs likely to be incurred by Cantor that are indemnifiable under the Settlement Agreement;

(b)  Relief sought:

Determination of the issues for the purposes of estimation of Cantor's claims for indemnification, based upon the Court's assessment of the issues set forth above.

(c)  Issues not to be tried at the Hearing

(i)  Other than the enforceability and applicability of the Settlement Agreement, as described in paragraph 1(a) above, the facts, the value or merits of any of the claims asserted in the Louisiana Litigation and the Texas Litigation, including but not limited to: whether there was any fraud or conspiracy involving Cantor, Commonwealth, or Walter Morales with respect to the CA Funds' purchases of Collybus or any matter related thereto; whether Commonwealth or Walter Morales fraudulently induced investors to invest in the Debtors or provided false information to investors about the performance of the CA Funds; and whether Cantor had any involvement in assisting Walter Morales or Commonwealth to provide false information to investors about the performance of the CA Funds, or otherwise breaching any duty to Commonwealth or Walter Morales owed to them in connection with the formation of Collybus and investment in Collybus securities by the CA Funds.

- 3 -

      (ii)     In the event the Court concludes that the Settlement Agreement is unenforceable for any reason, whether Cantor is entitled to any unjust enrichment claim against the Debtors.

      (iii)     The indemnification provision in the Settlement Agreement provides for indemnity "only to the extent that the Indemnified Claims arise out of, relate to, or are in connection with the Commonwealth Funds' purchases and subsequent financing of the Collybus Notes ...."  Some of the parties assert that the claims in the Louisiana Litigation and Texas Litigation do not fall within the scope of this language.  The Hearing will not include an attempt to place a value on the losses incurred by the plaintiffs in the Louisiana Litigation and the Texas Litigation that fall within or outside the scope of this indemnity provision.

2.     "Dates for the exchange of exhibit and witness lists, and designations and counter-designations of deposition testimony"

      (a)     Initial witness lists were exchanged October 24, 2012.  On December 21, 2012, the parties shall identify the fact and expert witnesses they intend to call at the Hearing, and the parties shall, by January 7, 2013, identify any witnesses to be called in rebuttal.  The parties shall meet and confer on January 8, 2012 to determine which witnesses' testimony will be offered live, by proffer, or by deposition designation.

      (b)     Exhibit lists will be served on January 8, 2013.  To the extent that any evidentiary objections are pending as of that date, the parties will be entitled to revise their exhibit lists accordingly.

      (c)     For any witnesses who will not be called to testify live at trial, but instead will be presented through deposition testimony, initial designations of deposition testimony for fact and expert witnesses shall be served on January 9, 2013, and counter-designations shall be served on or before January 10, 2013.

3.     "[M]ethodology for meeting and conferring about evidentiary objections and, if necessary, presenting such objections to the Court in an efficient manner for resolution prior to the commencement of the Hearing"

      (a)     The Debtors propose that a Global Meet & Confer be scheduled for January 10, 2013, at which evidentiary issues, if any, can be discussed.  If the parties are not able to resolve their evidentiary issues, motions *in limine* shall be filed on or before January 11, 2013.  Oppositions to motions *in limine* shall be filed on or before January 14, 2013.

- 4 -

4.      "[M]ethodology for attempting to reach [before the Hearing] stipulations as to facts not in dispute"

(a)      At the Global Meet & Confer proposed for January 10, 2013, the parties shall discuss what, if any, facts can be stipulated.  Stipulations of fact shall be filed with the Court on January 11, 2013.

5.      "[P]rocedures for the conduct of the Hearing, including the identification of all intended hearing participants, the handling and submission of exhibits, the order in which the parties will be permitted to present evidence, and the order of examination of the witnesses."

(a)      Exhibit binders shall be prepared by the Movants and the Debtors, to be submitted to the Court by January 14, 2013, with copies to each set of counsel. All parties shall cooperate with the Movants to streamline this process.

(b)      Counsel shall identify all hearing participants of which they are aware on or before January 7, 2013.

(c)      The parties shall confer, at or before the January 10, 2013 Global Meet & Confer, regarding any remaining procedures for the Hearing, including the order in which the parties will be permitted to present evidence and the order of examination of the witnesses.

6.      "[D]escription of the matters each party's pre-trial memorandum is to address"

Each party shall file a pre-trial memorandum on January 11, 2013, and each party's pre-trial memorandum will contain a full and fair statement of the factual and legal issues remaining to be litigated, including a discussion of the key witnesses and documents to be presented at the Hearing.

7.      As set forth in paragraph 4 of the Scheduling Order, all parties shall cooperate in good faith in the scheduling of depositions.  On or before November 19, 2012, the parties shall provide, for any witnesses in their control, the dates on which those witnesses are available for deposition.  The period for fact depositions, including the depositions of any third-party witnesses, shall begin on November 26, 2012, and shall end on December 19, 2012.

8.      The parties shall identify their opening experts, if any, and serve any such experts' written reports, on or before December 21, 2012.  The parties shall identify their rebuttal experts, if any, and serve any such experts' written reports, on or before December 24, 2012.  All

- 5 -

expert reports shall set forth, at a minimum, the information required by Federal Rule of Civil Procedure 26(a)(2)(B), and, as part of identifying the documents or exhibits relied upon by any such expert for purposes of satisfying Rule 26(a)(2)(B)(iii), shall either (i) include the Bates number of such documents or exhibits, if those documents or exhibits have been or are being produced, or (ii) produce a copy of such documents or exhibits along with the expert report, if those documents or exhibits are not otherwise being produced in response to a discovery request.

9.      The period for depositions of expert witnesses shall begin on January 3, 2013, and shall end on January 8, 2013.

10.     The parties hereby stipulate and agree, subject to the approval of the Court, that this Pretrial Order shall be read in conjunction with the Scheduling Order already entered by the Court in this matter, and shall operate to modify, as set forth above, the deadlines originally incorporated into the Scheduling Order

Dated: November 19, 2012
Wilmington, Delaware

SAUL EWING LLP

*/s/ Mark Minuti*
_____
Mark Minuti (Bar No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
Tel:  (302) 421-6840
Fax:  (302) 421-5873

and

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

*/s/ Kevin J. Mangan*
_____
Francis A. Monaco, Jr. (Bar No. 2078)
Kevin J. Mangan (Bar No. 3810)
222 Delaware Avenue, Ste. 1501
Wilmington, Delaware 19801
Telephone: 302- 252-4320
Facsimile: 302- 252-4330

and

Kirk Reasonover, (La Bar No. 21061)
Reasonover and Olinde, LLC
400 Poydras Street, Suite 1980
New Orleans, Louisiana 70130
Telephone: 504-587-1440
Facsimile: 504-587-1577

A/75253943.2

Edwin E. Smith (N.Y. Bar No. 4326559)
(*admitted pro hac vice*)
Jared R. Clark (N.Y. Bar No. 2727102)
(*admitted pro hac vice*)
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
Tel:  (212) 705-7000
Fax:  (212) 752-5378

*Counsel for Cantor Fitzgerald & Co.*


YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ Mary F. Dugan
_____
Michael R. Nestor (No. 3526)
Christian Douglas Wright (No. 3554)
Kenneth J. Enos (No. 4544)
Mary F. Dugan (No. 4704)
Emily V. Burton (No. 5142)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Fax:  (302) 571-1253

*Counsel for the Debtors and Debtors-in-Possession*

and

William H. Patrick, III (La. Bar No. 10359)
Tristan E. Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles (La. Bar No. 30476)
Heller, Draper, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone: (504) 299-3300
Fax: (504) 299-3399

*Counsel for Firefighters Retirement System of Louisiana and Municipal Employee's Retirement Association of Louisiana*


DLA PIPER LLP (US)

/s/ R. Craig Martin
_____
Stuart M. Brown (No. 4050)
R. Craig Martin (No. 5032)
919 N. Market Street
Suite 1500
Wilmington, DE
Telephone:  (302) 468-5640
Fax:  (302) 778-7913


*Counsel for the Official Committee of Equity Holders*


SO ORDERED this 19 day of November, 2012.

_____
HON.  BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE

A/75253943.2